UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARY L. SCHEETZ, on behalf of plaintiff and the class members described below, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No. 3:12-CV-811-JD-CAN |
| PYOD LLC; RESURGENT CAPITAL SERVICES, LP; ALEGIS GROUP LLC; CAPITAL MANAGEMENT SERVICES, LP; CMS GENERAL PARTNER, LLC; and WELTMAN, WEINBERG AND REIS CO., L.P.A., ) ) ) ) ) ) ) ) | |
| Defendants. ) | |

# OPINION AND ORDER

Plaintiff Mary Scheetz brought claims, on behalf of herself and a putative class, against Defendants PYOD, LLC ("PYOD"); Resurgent Capital Services, LP ("Resurgent"); Alegis Group LLC ("Alegis"); Weltman, Weinberg and Reis Co., L.P.A. ("WWR"); Capital Management Services, LP ("Capital"); and CMS General Partner, LLC ("CMS"). She alleged claims under the Fair Debt Collection Practices Act ("FDCPA") and Indiana Deceptive Consumer Sales Act ("IDCSA"). PYOD is the purchaser/assignee of certain personal debt accrued by Ms. Scheetz and the remaining Defendants are others engaged in (or related to those engaged in) an attempt to collect on that debt. She alleges that PYOD was required to obtain a license under the Indiana Uniform Consumer Credit Code ("IUCCC") before taking assignment of her consumer debt. She further alleges that PYOD, and those acting on its behalf, made misrepresentations by holding PYOD out as a valid holder of her debt when it had no license under the IUCCC.

Each of the Defendants previously moved to dismiss Ms. Scheetz's claims, arguing that both of the claims depend on a faulty legal premise, since PYOD is not required to obtain a license under the IUCCC. [DE 34, 36, 37.] This Court agreed and granted the motions to dismiss. [DE 44.] In short, the Court determined that the Indiana Supreme Court would likely find that PYOD was not required to obtain a license under the IUCCC, based on likely deference to legislative intent (as documented in the commentary to the Uniform Consumer Credit Code) and agency interpretation (as articulated by the Indiana Department of Financial Institutions ("DFI")). [*Id.* at 14.] To provide Ms. Scheetz an opportunity to address the deficiencies in her complaint, the Court granted her leave to amend her claims. [*Id.* at 15.]

In response, Ms. Scheetz filed an amended complaint on October 28, 2013.[1] [DE 45.] The amended complaint still states claims against the Defendants under the FDCPA and IDCSA based on PYOD's failure to obtain a license under the IUCCC. [*Id.* at ¶¶82–95.] The Court has reviewed the amended complaint and determines that it does not contain any substantively new or different facts. Rather, the only substantive difference in the amended complaint is the addition of new citations to Indiana statute and the uniform act on which the IUCCC was based. [*Id.* at ¶¶ 45–64.] In essence, the amended complaint constitutes an attempt to persuade the Court to reconsider its earlier opinion granting the Defendants' motions to dismiss.

Now before the Court is another round of motions to dismiss. Specifically, a motion to dismiss was filed on December 2, 2013, by Defendants PYOD, Resurgent, Alegis, and WWR. [DE 53.] A separate motion to dismiss, which incorporates the arguments raised by the other Defendants, was filed by Capital and CMS on December 4, 2013. [DE 55.] Ms. Scheetz has

---

[1] Ms. Scheetz also filed an Amended Motion to Certify Class, along with her amended complaint. [DE 47.] The Amended Motion to Certify Class was later withdrawn pending the Court's decision on the motions to dismiss the amended complaint. [DE 56, 57.]

responded in opposition [DE 60] and PYOD, Resurgent, Alegis, and WWR filed a reply in support. [DE 61.] PYOD, Resurgent, Alegis, and WWR also filed two notices of supplemental authority, alerting the Court to decisions in similar cases—one by the Chief Judge of this district, in *Havens v. Portfolio Investment Exchange, Inc.*, No. 3:12-cv-671 (N.D. Ind. Mar. 17, 2014) [DE 62] and one by the Indiana Court of Appeals, in *Wertz v. Asset Acceptance, LLC*, 5 N.E.3d 1175 (Ind. Ct. App. 2014), *trans. pending* [DE 63].

Ms. Scheetz attempts to convince the Court that its earlier decision granting Defendants' motions to dismiss was wrong. She argues that the commentary the Court relied on is dated and inconsistent with the current statute. [DE 60 at 4–6.] She further argues that the DFI's interpretation should be ignored, because it is inconsistent with the statute and was not issued through any rulemaking process. [DE 7–11.] The Court previously rejected these arguments and Ms. Scheetz adds nothing in her amended complaint or this latest round of briefing that would cause the Court to reconsider its earlier opinion.[2]

Additionally, each of these arguments was considered and rejected by the Indiana Court of Appeals in *Wertz*. Like this case, *Wertz* involved an out-of-state company who purchased or was assigned consumer debt incurred in Indiana, and who later attempted to collect on that debt. *Wertz*, 5 N.E.3d at 1177. Also like this case, the court's decision hinged on whether the out-of-state company was required to obtain a license under the IUCCC before taking assignment of the debt. *Id.* In deciding that issue, the Indiana Court of Appeals considered the statutory

---

[2] The parties' briefs touch on an argument regarding whether the Indiana Collection Agency Act ("ICAA") applies to PYOD. [DE 54 at 7–10; DE 60 at 11–13; DE 61 at 8–11.] The Defendants raise this argument "to the extent that Plaintiff attempts to argue that PYOD needs a collection agency license." [DE 54 at 7–8.] However, Ms. Scheetz's amended complaint does not state any claim that PYOD had an obligation to obtain a license under the ICAA. [*See* DE 45 at ¶ 66 ("PYOD LLC violated the Indiana UCCC by allegedly taking an assignment of [Ms.] Scheetz's credit card account.").] Based on Ms. Scheetz's theory of this case, obtaining a license under the ICAA would, at best, exempt PYOD from an obligation to obtain an IUCCC license. Because no such obligation to obtain an IUCCC license exists, the Court need not consider whether PYOD had any valid exemption.

framework of the IUCCC, the commentary to the uniform code, and the guidance of the DFI. *Id.* at 1179–86. The Court held:

> In conclusion, we hold that Section 3-502(3) applies to an out-of-state business with its principal place of business in another state only if that business has a physical location within Indiana. . . . Accordingly, because Asset is a Delaware limited liability company with its principal place of business in Michigan, and because Asset does not have a physical situs within Indiana, the IUCCC's licensure provision does not apply to it. Because Asset was not required to obtain a license under the IUCCC, Wertz's claims under the IDCSA and the FDCPA cannot stand as alleged.

*Id.* at 1186.

In a case invoking the Court's diversity jurisdiction, this Court must apply the law of Indiana as it predicts the Indiana Supreme Court would do. The Supreme Court has not spoken on the issues addressed in these motions and, at the time of the Court's earlier opinion, neither had the Indiana Court of Appeals. However, the Indiana Court of Appeals has now spoken. In the absence of an opinion of the Indiana Supreme Court, decisions of the Indiana Court of Appeals will control this Court "unless there are persuasive indications that the state supreme court would decide the issue differently." *BMD Contractors, Inc. v Fid. & Deposit Co. of Md.*, 679 F.3d 643, 648 (7th Cir. 2012). There is nothing before the Court to cause it to believe the Indiana Supreme Court would decide this issue any differently than the Court of Appeals did in *Wertz*.

Accordingly, for the reasons stated in the Court's earlier opinion on the motions to dismiss [DE 44] and based on the Indiana Court of Appeal's decision in *Wertz*, the Motions to Dismiss are **GRANTED**. [DE 53, 55.] This case is **DISMISSED WITH PREJUDICE**.

SO ORDERED.

ENTERED: July 15, 2014

/s/ JON E. DEGUILIO
Judge
United States District Court